IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVON SMITH,
         Plaintiff,

vs.                                                       No. 20-4073-JTM

CURO HEALTH SERVICES, LLC,
         Defendant.

MEMORANDUM AND ORDER

Plaintiff Evon Smith has advanced of claims age discrimination, retaliation and harassment against her former employer, Curo Health Services. The matter is now before the court on Curo's motion to compel arbitration of Smith's claims. The defendant's motion is based on a 2016 Employee Dispute Resolution (EDR) policy, as set forth in a booklet distributed to Curo employees. The agreement states:

> the Employee Dispute Resolution Program will be the exclusive means of resolving workplace disputes for both you and the company, including disputes for legally protected rights, such as freedom from discrimination, retaliation, or harassment. If you accept or continue employment at the company after that date, you agree to resolve all employment-related legal claims against the company through this process instead of through the court system.

(Dkt. 6-2). Workers at Curo agreed to the EDR under the following language:

> I understand and agree that if I accept employment or continue my employment with Curo ... the EDR Program shall be the exclusive means

>of resolving all disputes, claims or controversies ... which arise out of or related to my employment (or its termination)[.]
>
>Under the EDR Program, the Company and I agree to waive our respective right to have any claims regarding legally protective rights decided in court of law before a judge or jury, and instead are accepting the use of final and binding arbitration to resolve such claims.

(Dkt. 6-3, at 1).

In response, Smith argues that the provision is unenforceable against her because "there is no mutuality" for any agreement. Specifically, she argues that the arbitration clause is a mere "policy statement" because she did not sign the agreement, and in light of other language contained in the employee booklet. To the last question ("Could this program be changed?") in the booklet's list of Frequently Asked Questions, the booklet states: "As with all Curo policies, this [arbitration] program could be altered or eliminated based on changes in the law or other circumstances." (Dkt. 6-2, at 17). Smith also cites *Dumais v. American Golf Corp.*, 299 F.3d 1216 (10th Cir. 2002) to support her claim that the arbitration clause is illusory.

The court finds that the dispute between the parties is subject to arbitration. The *Dumais* case cited by plaintiff is distinguishable in several respects. First, the handbook there was inherently ambigous, in that one provision stated the company could delete or modify any provision except for the employee's at-will status and the arbitration clause, while another provision stated that the company could delete or modify any provision except for at-will status – suggesting that arbitration could not be waived. Even beyond this ambiguity, as the Tenth Circuit stressed, the handbook allowed the

company to end any provision without notice, thus giving itself "the unfettered right to alter the arbitration agreement's existence." 299 F.3d at 1219.[1]

The language relied upon by Smith does not include such unfettered discretion. To the contrary, the answer to the FAQ continues: "If any such changes are made, the company will notify all affected employees in writing." (Dkt. at 17).

The provision in question is therefore similar to that presented in *Hardin v. First Cash Fin. Servs.*, 465 F.3d 470, 475 (10th Cir. 2006), where the court held that an agreement to arbitrate was not illusory where the employer's right to modify the agreement was subject to notice requirements. *See also Williams-Jackson v. Innovative Senior Care Home Health of Edmond*, 727 F. App'x 965, 969 (10th Cir. 2018) (following *Hardin*).

Similarly, the mere fact that Smith did not physically sign the EDR policy is not dispositive. The Federal Arbitration Act does not require arbitration agreements to be signed. *Perkins v. Rent-A-Ctr.,* No. 04-2019-GTV, 2004 WL 1047919, at *3 (D. Kan. May 5, 2004). All that is required is that the agreement be in writing, and that the parties manifest an intent to be bound. Both requirements are satisified in the present case.

---

[1] The authorities cited in *Dumais* make the same point: "*Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 315–16 (6th Cir.2000) (ability to choose nature of forum and alter arbitration *without notice or consent* renders arbitration agreement illusory); *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 939 (4th Cir.1999) (among other reasons, employer's ability to modify rules "in whole or in part" *without notice* to employee renders arbitration agreement illusory"). 299 F.3d at 1219 (emphasis added.

IT IS ACCORDINGLY ORDERED this day of March, 2021, that the defendant's Motion to Compel (Dkt. 5) is granted; the parties are directed to advance their claims by arbitration, and the present action is hereby stayed pending arbitration.

*J. Thomas Marten*
J. Thomas Marten, Judge