IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Evon Smith,

          **Plaintiff,**

v.                                             **Case No. 20-4073-JWL**

Curo Health Services LLC,

          **Defendants.**

## MEMORANDUM AND ORDER

In April 2021, the court stayed this case pending arbitration, directed the parties to proceed to arbitration and has ordered periodic status reports since that time.  Pertinent here, the court entered an order on August 7, 2024 acknowledging receipt of the parties' July 2024 status report in which the parties indicated that they had resolved this matter and expected to file a joint motion to dismiss within 30 days.  At that time, the court continued the stay and ordered the parties to file, on or before August 5, 2024, a joint motion to dismiss or another status report indicating why a joint motion was not filed. The parties then filed another status report seeking an additional 21 days to file their joint motion to dismiss.  The court, then, continued the stay and directed the parties to file, on or before Tuesday, August 27, 2024, a joint motion to dismiss or another status report indicating why a joint motion was not filed.

The August 27, 2024 deadline passed and the parties did not file a motion to dismiss or a status report.  The court then reached out to counsel for both parties via email.  Counsel for the defendant responded, indicating that the parties had executed a settlement agreement in early August and that the defendant was waiting on the receipt of a tax form from plaintiff's counsel

before issuing payments.  Defendant's counsel indicated that defendant had no objection to a joint dismissal.  Plaintiff's counsel did not respond to the court's email inquiry.  The court then issued an order to show cause to plaintiff's counsel in which it ordered plaintiff to show good cause in writing to the court on or before Friday, September 13, 2024 why the parties had not filed a status report and why this case should not be dismissed for lack of prosecution.  To date, plaintiff has not contacted the court regarding this matter and has not responded to the order to show cause.

Federal Rule of Civil Procedure 41(b) authorizes the court to involuntarily dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."); *accord Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). Dismissal under this rule generally operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

Before imposing dismissal as a sanction, the court must consider the non-exhaustive *Ehrenhaus* factors. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). They include: (1) the degree of actual prejudice to defendants; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id*. at 920-21. "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id*. at 921. "Only when

2

the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id*.

In the court's view, four of the *Ehrenhaus* factors clearly weigh in favor of dismissal. It is uncontested that plaintiff was repeatedly warned that dismissal was a potential sanction. The efficacy of lesser sanctions weighs in favor of dismissal because the court attempted to resolve this matter through email communication to no avail. Interference with the judicial process also weighs in favor of dismissal because plaintiff's dilatory conduct required the court to continue to monitor this case on its docket long after plaintiff had any interest in doing so. The court also finds that plaintiff's own culpability weighs in favor of dismissal in light of the "fundamental proposition that the client (the principal) is responsible for the conduct of counsel (the agent) and that the client has a remedy in malpractice against counsel." *Eastern Colorado Seeds, LLC v. Agrigenetics, Inc.*, 2021 WL 6102097, at *3 (10th Cir. Dec. 23, 2021) (courts possess the "inherent power" to dismiss a case for counsel's dilatory conduct, which may be imputed to the client). That leaves only the degree of actual prejudice to the defendant. This factor, given the procedural posture of this case, is neutral. Because the parties have already executed a settlement agreement and the case has been stayed pending arbitration for years, defendant has not been expending time or money litigating the case in federal court. But the fact that the parties have executed a settlement agreement also weighs in favor of dismissal at this point. Moreover, because this case was never going to be resolved on the merits in any event (it was resolved through arbitration earlier this year), the aggravating factors clearly weigh in favor of dismissal.

For the foregoing reasons, the court dismisses this case with prejudice based on plaintiff's failure to prosecute.

**IT IS SO ORDERED.**

Dated this 18th day of September, 2024, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge